Battle, J.
 

 We are unable to distingnsh this ease, in principle, from those of
 
 Fairly
 
 v.
 
 McLean,
 
 11 Ire. Rep. 158, and
 
 Brickhonse
 
 v.
 
 Brickhouse,
 
 Ibid. 404. The principle is, that if negotiable securities be given, either absolutely or upon condition, by the person to whom they are payable, to another, without endorsement, the executor or administrator of the donor ma}7 recover their value in an action of trover at law. The only ground of distinction between those cases and the present, which has been, or can be suggested, is, that the latter is the case of a
 
 donatio ecmsa mortis,
 
 in which, it is insist
 
 *7
 
 ed, that the law transfers the legal title to the donee immediately upon the death of the donor. Why should that make a difference? A
 
 donatio eausa mortis
 
 is not a legacy which requires the assent of the executor to vest the legal title in the donee, but it is a gift, made in contemplation of death, which, upon delivery, passes the legal title, at once, to the donee, upon condition, to be void if the donor do not die. If the attempted donation be of something which cannot pass at law by delivery merely, it follows that the legal title still remains in the donor, and upon his death, must devolve upon his personal representative. Hence, we find it expressly stated that bills of exchange and promissory notes,
 
 not payable to
 
 bearer, are incapable of being the subjects of a
 
 donatio causa mortis;
 
 see 1 Wms. on Executors, 504, and the cases there cited. The note, in the present case, it is true, is under seal, but it is an instrument, which, by our statute law, is made negotiable by endorsement, like bills of exchange, and must, in this respect, be governed by the same rules. This conclusion is not at all opposed by the decision of Lord Hardwick, in
 
 Bailey
 
 v.
 
 Snel
 
 grove, 3 Atk. Rep. 214, that a bond for the payment of money may be the subject of a
 
 donatio causa mortis.
 
 That was a case in Chancery, and it was held that the equitable interest in the bond passed to the donee, which does not militate at all witli the position, that the personal representative of the donor could, at law, recover the value of the bond in an action of trover.
 

 Per Curiam,
 

 Judgment affirmed.